**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| William H. Jones ) | C/A No. 4:10-0145-CMC-TER |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. and filed on January 28, 2011, affirming the decision of the Commissioner. For the reasons set forth below, the court adopts the Report and affirms the decision of the Commissioner.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

1

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The Report recommends affirming the decision of the Commissioner. Plaintiff has filed objections arguing that the ALJ erred in (1) finding that Plaintiff's chronic obstructive pulmonary disease ("COPD") did not meet Listing 3.02(A); (2) discounting the opinion of Dr. Boineau; and (3) determining Plaintiff's residual functional capacity ("RFC"). *See* Dkt. No. 35. For the reasons set forth below and in the Report, the court concludes that the ALJ's decision applied the appropriate legal standards and is supported by substantial evidence.

**Listing 3.02A.** Plaintiff argues that at Step Three of the sequential evaluation, the ALJ erred

in determining Plaintiff's COPD did not meet Listing 3.02A. Dkt. No. 35 at 1-6. Listing 3.02A provides that a claimant will be found disabled if he has COPD due to any cause with a forced expiratory volume value ("$FEV_1$") equal to or less than values specified in a table based on the claimant's height.[1] 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.02A. The ALJ found that Plaintiff's COPD did not meet Listing 3.02A because when tested in November of 2005, his $FEV_1$ was 1.46, greater than the table value for a claimant measuring 69 inches in height. Tr. 30. However, the medical record containing the $FEV_1$ lists Plaintiff's height as 70 inches. Tr. 264. Therefore Plaintiff argues that the ALJ should have used the $FEV_1$ table value for a claimant measuring 70 inches in height to evaluate the severity of Plaintiff's COPD. Dkt. No. 35 at 1-2.

Having reviewed the record, the court concludes that the ALJ's determination that Plaintiff was not 70 inches tall is supported by substantial evidence. *See* Tr. 30. Plaintiff testified at the hearing that his height ranged between 68 and 69 inches. Tr. 71. In addition, numerous medical documents in the record document Plaintiff's height as 69 inches. Tr. 165, 211, 221, 280, 300, and

---

[1] Table I

| Height without shoes (centimeters) | Height without shoes (inches) | $FEV_1$ equal to or less than (l, BTPS) |
|---|---|---|
| 154 or less | 60 or less | 1.05 |
| 155-160 | 61-63 | 1.15 |
| 161-165 | 64-65 | 1.25 |
| 166-170 | 66-67 | 1.35 |
| 171-175 | 68-69 | 1.45 |
| 176-180 | 70-71 | 1.55 |
| 181 or more | 72 or more | 1.65 |

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.02A.

301. The ALJ's finding that Plaintiff's height was improperly recorded as 70 inches is supported by substantial evidence. Thus, the ALJ did not err in concluding that Plaintiff's COPD did not meet Listing 3.02A.[2]

Plaintiff argues, in the alternative, that the ALJ erred in not analyzing whether Plaintiff's impairment functionally equaled Listing 3.02A. Dkt. No. 35 at 4. "For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990). Plaintiff's other impairments included arthritis of the knee, degenerative disc disease, stress fracture of the foot, obesity, carpal tunnel syndrome, diabetes, hypertension, high cholesterol, sleep apnea, and depression. Tr. 19 and 27. As Plaintiff did not present evidence of how these impairments affected his pulmonary functioning, the court concludes that the ALJ was correct not to analyze whether

---

[2] The court notes that there is additional evidence in the record to support this conclusion. The relevant regulations state that

> [b]ecause th[e] symptoms [attributable to disorders including COPD] are common to many other diseases, a thorough medical history, physical examination, and chest x-ray or other appropriate imaging technique are required to assess the severity of the respiratory impairment once a disease is established by appropriate clinical and laboratory findings.

20 C.F.R. pt. 404, subpt. P, app. 1, § 3.00A. "An FEV value should not be analyzed in isolation from other evidence in assessing whether the claimant satisfies the criteria for the listed impairment. *Jones v. Barnhart*, 364 F.3d 501, 504 (3d Cir. 2004).

As the ALJ noted in another part of his decision, Plaintiff's medical records show that his lungs and chest were clear upon x-ray examination. Tr. 33. Plaintiff does not take any medications for breathing difficulties. *Id.* In addition, Plaintiff's pulmonary functioning tests were performed in 2005 and there is no more recent evidence in the record to indicate the state of Plaintiff's COPD at his alleged disability onset date. Tr. 264. Thus given the medical record as a whole, the ALJ reasonably concluded that Plaintiff's COPD did not meet Listing 3.02A.

Plaintiff's impairment functionally equaled Listing 3.02A.[3] *See Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) ("An ALJ is not required to discuss the combined effects of a claimant's impairment or compare them to a listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence.") (internal citations omitted).

**Remaining objections.**  Plaintiff also argues that the ALJ erred in discounting the opinion of Dr. Boineau and determining Plaintiff's RFC.  Having reviewed the record in light of these objections and under the appropriate standard, the court adopts the Report.  Each of these objections is adequately and properly addressed in the Report which concludes that the ALJ's decision applied the proper legal standard and is supported by substantial evidence.  As to the remaining objections, the court concurs with both the reasoning and the result reached by the Magistrate Judge.

## CONCLUSION

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

    s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 28, 2011

---

[3] Plaintiff also argues that the FEV testing result relied on by the ALJ may not have been a satisfactory result as described in the regulations. Dkt. No. 35 at 3. Having reviewed the record, the court concludes that the ALJ's reliance on the testing result was supported by substantial evidence.